The majority concedes that the offense for which appellant has been charged has but two elements which must be proven by the state. The proof must be beyond a reasonable doubt.
The first element is established by the testimony and is undisputed in this cause. Appellant was operating her motor vehicle on a public highway. The second element of the offense that must be proven beyond a reasonable doubt is whether at the time appellant was operating her vehicle she had the prohibited concentration of alcohol in her body.
This charge under R.C. 4511.19(A)(3) is a strict liability offense and must be liberally construed in favor of the accused. The defense presented expert testimony to establish that the testing equipment was calibrated to a variance of .005, and therefore the alcohol level at the time appellant was operating the vehicle could have been .98. It could also have been .108.
The majority concludes that based upon the testimony of the expert, "the jury could have concluded that appellant's blood alcohol concentration was marginally greater than .103 e.g. closer to .108 as easily as it could have concluded it was marginally less than .103." The credibility of the appellant and the officer is not relevant in this per se prosecution. The only issue was the validity of the test results.
The jury verdict based on evidence is which is marginal and could bring about a guilty or not guilty finding must be against the weight of the evidence.